UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

WEST AMERICAN INSURANCE )
COMPANY, a foreign insurer, and THE )
OHIO CASUALTY INSURANCE )
COMPANY, a foreign insurer, )
                                     )
                *Plaintiffs,* )
                                      )
            v. )
                                      )
CONSTRUCTION LOAN SERVICES II, )
LLC d/b/a BUILDERS CAPITAL, a )
Washington Limited Liability Company; )
H.A.T., LLC, a Washington Limited )
Liability Company, ROBERT HADLEY, )
CURT ALTIG, and ROBERT TRENT )
and their respective marital communities )
and SACHIN LATAWA and SHIKHA )
KOTHARI, husband and wife, and the )
marital community composed thereof, )
                                      )
               *Defendants.* )
_____)

Case No. 2:20-cv-01092-BJR

ORDER GRANTING DEFENDANTS'
MOTION FOR STAY OF PROCEEDINGS
PENDING RESOLUTION OF
UNDERLYING CASE

## I.      INTRODUCTION

      Plaintiffs West American Insurance Company ("WAIC") and the Ohio Casualty Insurance Company ("OCIC") (collectively "Insurers") filed this declaratory judgment action seeking a coverage determination that they have no duty to defend or indemnify Defendants in an underlying lawsuit currently pending in Washington State court. Defendants Builders Construction Loan Services II LLC and H.A.T. LLC (collectively "Builders") brought this motion seeking a stay of this proceeding pending resolution of the underlying case. *See* Defs.' Mot. to Stay; Pls.' Resp. to Mot. to Stay, Dkt. Nos. 13, 23. Having reviewed the motion, opposition thereto, the relevant legal

authority, and the record of the case, the Court will grant the motion.  The reasoning for the Court's decision follows.

## II.  BACKGROUND

Builders specialize in providing loans for construction projects.  Compl. at ¶¶ 2.2–2.3, Dkt. No. 1.  To guard against liability risks associated with their business, Builders purchased a series of primary and umbrella insurance policies from Insurers.  *See* Declaration of Henry G. Ross ("Ross Decl.") at ¶ 2; Ex. A, Dkt. Nos. 14, 14-1.  At issue are two of these policies, the Commercial Protector Policy issued from WAIC to Builders, No. BZW565218925LIC; and the Commercial Umbrella Liability Policy issued from OSIC to Builders, No. USO 56521892.  *Id.*

This action arises out of an underlying employment dispute, for which Builders seek coverage from Insurers under these policies.  Defs.' Mot. to Stay at 2.  Builders are being sued in a separate proceeding in state court by their former CFO Sachin Latawa for breach of contract and wrongful nonpayment of wages in violation of Washington law, claiming he was not paid his agreed-upon severance and vested profit-sharing interests.  Compl. at ¶ 12; Ex. 1, Dkt. No. 1-1. *See Latawa v. Construction Loan Services II, LLC dba Builders Capital, et al*., No. 20-2-04258-7. In response, Builders filed an independent lawsuit in the same court against the Latawas for breach of contract and breach of fiduciary duty, among other things, claiming Latawa was terminated "for cause after [they] discovered significant mismanagement of company finances."  Ross Decl. at ¶ 3.  The state court consolidated both cases into Builders' action, *Construction Loan Services II, LLC dba Builders Capital, et al. v. Latawa*, No. 20-2-04456-3.  Shortly thereafter, the Latawas counterclaimed, stating their original claims.  Compl. at ¶ 16; Latawa Counterclaim, Ex. 2, Dkt. No. 1-2.

Builders tendered the Latawas' counterclaims to Insurers, each business entity filing separate claims for coverage under their policies.  *See* Declaration of John M. Silk ("Silk Decl.")

at ¶ 2; Ex. 1, Dkt. Nos. 24, 24-1.  On June 22, 2020, Insurers issued a letter to Builders stating that the allegations against Builders do not trigger any duty to defend or indemnify.  Compl. at ¶ 22; Ex. 4, Dkt. No. 1-4.  WAIC also notified Builders that it agreed to defend them in the underlying action, subject to a reservation of rights, including the right to deny coverage and recoup their defense expenses.[1]  *Id.*

Insurers filed the instant action on July 15, 2020, seeking a declaratory judgment that they have no duty to defend, indemnify, or pay insurance benefits to Builders in the underlying lawsuit, and claiming there is no coverage available under their policies.  In response, Builders filed the instant motion on August 26, 2020, seeking a stay in this proceeding pending resolution of the underlying employment dispute.

## III.    LEGAL STANDARD

"When considering a motion to stay, the court weighs a series of competing interests: (1) the possible damage that may result from the granting of the stay; (2) the hardship or inequity which a party may suffer in being required to go forward; and (3) the orderly course of justice measured in terms of the simplification or complication of issues, proof, and questions of law that could be expected to result from a stay." *Fed. Ins. Co. v. Holmes Weddle & Barcott PC*, No. C13-0926, 2014 WL 358419, at *3 (W.D. Wash. Jan. 31, 2014) (citing *CMAX, Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir. 1962)).  The Ninth Circuit has "caution[ed] that 'if there is even a fair possibility that the stay . . . will work damage to someone [sic] else,' the party seeking the stay 'must make out a clear case of hardship or inequity.'" *Lockyer v. Mirant Corp.*, 398 F.3d 1098, 1112 (9th Cir. 2005) (quoting *Landis v. N. Am. Co.*, 299 U.S. 248, 255 (1936)).

---

[1] Relevant to the instant motion, Insurers allege that Builders' claim is not covered by the EB Endorsement based on an exclusion within the provision for amounts owed under a contract.

## IV.   DISCUSSION

### A.  Possible Damage to Insurers by Granting a Stay

Insurers urge this Court to deny the motion contending that they will be prejudiced by a stay in the instant case because they are defending Builders in the underlying lawsuit under a reservation of rights and staying the instant coverage case will delay a determination that they owe no coverage in the underlying action and therefore they need not be defending Builders. *Id.; see Holmes Weddle*, 2014 WL 358419, at *3 (insurer has an "interest" in not continuing to represent insured if no defense is owed); *see also Or. Mut. Ins. Co. v. Ham & Rye, LLC*, No. C10–579, 2010 WL 2787852, at *4 (W.D. Wash. July 14, 2010) (same).

While Insurers undoubtedly have an interest in discontinuing their representation of Builders if no defense is owed, their policies contain a reimbursement clause under which they can recoup defense expenses from Builders in the event that this Court holds there is no coverage. Compl. at ¶¶ 40–41 (quoting Washington Changes-Defense Costs Endorsement, BP 06 12 11 13) ("right to reimbursement for the defense costs . . . incurred" if Insurers "later determine that none of the claims . . . are covered under this insurance").

Insurers point out that Builders "have made no showing that they have the resources to actually pay back the thousands of dollars in pre-tender and ongoing defense costs [they] will have paid if the case is stayed." Pls.' Resp. at 8.  Insurers cite no authority supporting such a requirement.  While the Court takes no position on the question of whether the reimbursement clause will ultimately be enforceable, an issue the parties contest, its existence lessens the likelihood that Insurers will be damaged by a stay.

### B.  Hardship or Inequity Builders May Suffer if Stay is Not Granted

Builders cite two particularly compelling reasons why proceeding forward with this litigation will constitute a hardship upon them.  First, they contend they will be "forc[ed] . . . to

fight a two-front war, managing litigation in two different courts, with different attorneys, against different parties, with different legal issues" draining their time and resources. Defs.' Mot. to Stay at 6. Second, Builders contend that the findings necessary in this coverage dispute may overlap with the issues to be determined in the underlying action, running the risk of their being collaterally estopped regarding the underlying employment contract at issue. *Id.* at 4, 6.

Insurers counter the latter contention by arguing that no harm to Builders is evident as coverage may be determined simply from the "'four corners'" of the complaint, counterclaim, and the relevant insurance policies. Pls.' Resp. at 2. According to Insurers, the dispositive issue "of whether there is a duty to defend under the Employment Benefits Liability Endorsement[] is a matter of policy interpretation" and will be resolved as a matter of law. *Id.* at 9.

Insurers further argue that even if there exist factual disputes, there is no overlap between the factual and legal issues in the underlying lawsuit and the instant case. *Id.* at 10. The Court finds that exact factual and legal similarity is not required. *See Leyva v. Certified Grocers of California, Ltd.*, 593 F.2d 857, 863–64 (9th Cir. 1979) (holding the court's ability to enter a stay "does not require that the issues in such proceedings are necessarily controlling of the action before the court"). Builders have identified several policy coverage disagreements, including the applicability of coverage exclusions, which rely on disputed underlying facts. Defs.' Reply at 5– 6. For example, the existence, enforceability, and applicability of Latawa's alleged employment and profit-sharing agreements must be evaluated, and a determination must be made as to whether those agreements and the nature of the underlying action are covered under the policy. It seems inevitable that both the underlying dispute and this coverage action will require overlapping fact discovery and the examination and interpretation of policy provisions under state insurance law and contract law. Should the cases proceed simultaneously, there is a risk of inconsistent results on these disputed questions. The Court, therefore, notes that the potential overlapping factual and

legal issues, coupled with the risk of inconsistent results, weigh in favor of a stay.  *See Landis*, 299 U.S. at 255.

### C. Orderly Course of Justice

A stay of the instant case will also promote judicial efficiency, given that determination of the underlying action could result in a potential settlement between the instant parties.  *See* Defs.' Mot. to Stay at 7–8 ("once the amount of damages or exposure is clear, the Insurers and Builders may be able to resolve the case in a manner acceptable to both sides without the need for litigation.").  Furthermore, the Court's declining to preside over a case with a pending parallel proceeding, allows it to better manage its resources until the underlying action is resolved.  *See Leyva*, 593 F.2d at 863–64 ("A trial court may, with propriety, find it is efficient for its own docket and the fairest course for the parties to enter a stay of an action before it, pending resolution of independent proceedings which bear upon the case . . . In such cases, the court may order a stay of the action pursuant to its power to control its docket and calendar and to provide for a just determination of the cases pending before it.").  The Court finds that the orderly course of justice weighs in favor of a stay.

### V.      CONCLUSION

For the foregoing reasons, the Court hereby GRANTS Builders' Motion for Stay of Proceedings Pending Underlying Case, Dkt. No. 13, and orders as follows:

(1) This matter is hereby STAYED through resolution of the underlying proceeding; and

(2) The parties shall file a status update to the Court every 120 days from the date of this order and notify the Court within 10 days of the resolution of the underlying litigation.

DATED this 6th day of October, 2020.

_____
BARBARA J. ROTHSTEIN
UNITED STATES DISTRICT JUDGE